## THE MERRILL CO. *v.* THE HORN BROTHERS CO.

*Contracts — Purchase of goods — Validity of stipulations — Damages for unfilled orders.*

A provision in an accepted order for the purchase of goods to be shipped to the purchaser, that no damages shall be allowed for orders not filled, is a valid and binding part of the contract.

(Decided September 30, 1920.)

ERROR:    Court of Appeals for Huron county.

*Mr. G. Ray Craig* and *Messrs. Ritter & Gardner,* for plaintiff in error.

*Messrs. Young & Young,* for defendant in error.

RICHARDS, J.    The Merrill Company was plaintiff in the court of common pleas and based its claim upon a promissory note and an account. The defendant filed a cross-petition containing two causes of action. The claim made by the plaintiff does not appear to have been contested at the trial, the controversy between the parties arising only on the cross-petition. The jury returned a verdict for the plaintiff on the causes of action set up by it in the amount of $1053.01 and in favor of the defendant on the causes of action set up by it in the amount of $1518.19. Judgment was rendered in favor of the defendant upon this verdict for the balance so found by the jury. Counsel have argued both orally and by briefs numerous interesting questions which the court does not find it necessary to determine. One contention made by the plaintiff in error is so far-reaching when sustained by the court

as to make it unnecessary to decide other points which have been presented.

The claims made by the defendant are based upon written orders for goods which it signed and delivered to the plaintiff. These orders are on printed forms prepared by the plaintiff company, and contain, among other things, the following provisions:

"This order is subject to acceptance of The Merrill Co. No countermand. * * * No claims for damages allowed on orders shipped, delayed or not filled."

The evidence discloses that the orders were not, in fact, filled by the plaintiff, and the defendant company claims to have been damaged in the amount found by the jury by reason of the failure of plaintiff to fill the orders, and this claim is made in spite of the above-quoted provision from the order blank forbidding the allowance of damages for orders not filled. We know of no principle of law which would invalidate the terms of the order, which are above set forth. The parties had the right, in making the contract of sale, to stipulate that there should be no damages in the event that the orders were not filled. The provisions quoted are as binding as any other part of the order, and if the order was in fact accepted, which point is in controversy between the parties, the principle would be the same, for, if accepted, the contract thus made would still contain the language above quoted. The conclusion reached is directly in accord with the reasoning of McIlvaine, J., in *Lowry & Rule* v. *Barelli & Co.,* 21 Ohio St., 324. In the course of the opinion, at page 332, the following language is used:

"It is, no doubt, competent for parties to limit, by express stipulations, the amount of damages to be recovered in the event of a breach of their contract; or to make the right to recover at all depend upon a particular event; or they may agree that damages shall not be recovered in any event for a violation of the contract; thus making, what would otherwise be a contract binding in law, a mere option on the part of the promissor to do or not to do as he may choose."

To the same effect is *Sheffield-King Milling Co.* v. *Domestic Science Baking Co.,* 95 Ohio St., 180.

It is said that the trial judge relied in part on the case of *Roderick Lean Mfg. Co.* v. *Casebere,* 26 O. D., 195. The authority of that case is somewhat weakened by the fact that it was reversed by the court of appeals in an unreported decision dated May 10, 1916.

The motion of the plaintiff for a directed verdict in its favor should have been granted. For the error of the trial court in overruling that motion the judgment is reversed, and this court, proceeding to enter the judgment that should have been rendered in the trial court, renders judgment in favor of The Merrill Company in the amount of $1053.01.

*Judgment reversed and final judgment for plaintiff in error.*

KINKADE and CHITTENDEN, JJ., concur.